Craig S. SNYDER, Plaintiff–Appellant,

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.**

**Docket No. 04–4753.**

United States Court of Appeals, Second Circuit.

July 13, 2005.

Christen Archer Pierrot, Chiacchia & Fleming, LLP, Hamburg, NY, for Appellant.

Paul K. Stecker, Phillips Lytle LLP, Buffalo, NY, for Appellee.

PRESENT: CABRANES, RAGGI Circuit Judges and SAND,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff appeals from a judgment dated August 6, 2004, grating defendant's motion for judgment on the administrative record.

Plaintiff seeks to recover long term disability benefits under a group disability insurance policy provided by his former employer and administered by defendant. The District Court concluded that "Defendant's decision to deny Plaintiff's claim for long term benefits was reasonable and supported by substantial evidence in the record. It was therefore not arbitrary and capricious, and Defendant is entitled to judgment on the administrative record." *Snyder v. First Unum Life Ins. Co.*, No. 02–CV–889S, 2004 WL 1784334, at *7 (W.D.N.Y. Aug.6, 2004). Plaintiff argues on appeal that defendant's denial of his claims was unreasonable, was not supported by substantial evidence, and was arbitrary and capricious.

█ It is undisputed that the policy at issue here grants defendant discretionary authority to determine eligibility for benefits and to interpret the terms and provi-

---

sions of the policy. *Id.* at *2. We thus apply a deferential arbitrary and capricious standard of review. *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir.2000). Though plaintiff argues we should employ a less deferential standard of review because defendant was operating under a conflict of interest based on its status as plan administrator and plan insurer, we noted in *Pulvers* that "[t]he fact that Unum served as both plan administrator and plan insurer, although a factor to be weighed 'in determining whether there has been an abuse of discretion,' is alone insufficient as a matter of law to trigger stricter review." *Id.* (quoting *Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1255 (2d Cir.1996)). As there is no evidence here that defendant's decision was actually affected by a conflict of interest, we will employ the arbitrary and capricious standard.

■ Plaintiff has set forth a number of cogent and potentially persuasive reasons why he is entitled to receive the long term disability benefits under the policy. Nevertheless, under the arbitrary and capricious standard, we can overturn the denial of benefits "only if it was without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995) (internal quotation marks omitted). In light of the evidence produced by defendant, including assessments by both plaintiff's doctors and by outside reviewers, and for substantially the reasons stated by the District Court in its Decision and Order of August 6, 2004, we

conclude that defendant's denial of benefits was not arbitrary and capricious, and thus affirm. *Snyder*, 2004 WL 1784334, at *5–*6.[1]

We have considered plaintiff's claims and found them to be without merit. We hereby **AFFIRM** the judgment of the District Court.

1. Plaintiff's reliance at oral argument on *Henar v. First Unum Life Ins. Co.*, No. 02 Civ. 1570(LBS), 2002 WL 31098495, 2002 U.S. Dist. LEXIS 17585 (S.D.N.Y. Sept. 19, 2002), is misplaced. There, in ordering a remand, the District Court noted that First Unum dealt with the plaintiff's principal contention that mental stress disabled him from performing his duties as chief financial officer "by, in essence, ignoring it. It was not mentioned ... in the internal notes by First Unum's two reviewing cardiologists on which the appeal denial was based." *Id.* at *4, 2002 U.S. Dist. LEXIS 17585, at *15. The record in this case does not support a claim that First Unum ignored plaintiff's claim of impaired mental facilities.